UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

* * * * * * * * * * * * * * * * * * *

Kristy Guyer, as Trustee for the heirs and next of kin of Rick Guyer,

Plaintiff,

vs. MINUTE ORDER

Valmet, Inc., n/k/a Metro Paper, Inc.,

Defendant. Civ. No. 01-2310(JRT/RLE)

* * * * * * * * * * * * * * * * * * *

At Duluth, in the District of Minnesota, this 5th day of December, 2002.

## I. Introduction

On November 21, 2002, the Court heard argument on the Defendant's Motion to Strike an addendum to the expert's report of the Plaintiff, as being both untimely, and prejudicial. At the time of the Hearing, the Plaintiff appeared by Leo I. Brisbois, Esq., and the Defendant appeared by David J. Kelleher, Esq. We issue this Minute Order so as to memorialize our rulings, at the time of the Hearing, which denied the Defendant's Motion to Strike, and which modified the Pretrial Schedule in order to allow the Defendant to conduct any required, additional expert discovery. In addition, given the Plaintiff's violation of the discovery Rules, we imposed

DEC - 6 2002
RICHARD D. SLETTEN, CLERK
JUDGMENT ENTD
DEPUTY CLERK

sanctions consistent with the gravity of the violation, against the Plaintiff.

## II. Discussion

The Defendant asks the Court to strike the Plaintiff's Addendum to the Report of John Bass ("Bass"), who is Plaintiff's testifying expert, on the grounds that the Addendum is untimely, and prejudicial. The Defendant notes that our Pretrial Order, which was issued on February 23, 2002, required the Plaintiff to make her expert disclosures, including any written expert reports, by no later than September 1, 2002. On September 3, 2002, the Plaintiff produced an expert report authored by Bass ("Bass") and, on September 20, 2002, the Defendant took Bass's deposition. Thereafter, on October 1, 2002, the Defendant's expert, who relied, in part, on Bass's report, issued his report. Two weeks later, and nearly six weeks after the expiration of the Plaintiff's expert disclosure deadline, the Plaintiff filed the challenged Addendum.

According to the Defendant, Bass's Addendum relies on three additional standards, and two additional documents, which had not been previously referenced, or relied upon, by Bass. Indeed, it appears that Bass now seeks to invoke these standards due to the undermining of his prior opinions during the course of his deposition. Stated succinctly, the Defendant regards the Plaintiff's approach, of employing Bass's deposition as a mere audition to some

final testimony, as unfair, and prejudicial. As a result, the Defendant requests that we exercise our authority, under Rules 16 and 37(c)(1), Federal Rules of Civil Procedure, in order to strike the Addendum as untimely. Further, the Defendant underscores that the period to conduct pretrial discovery expired on November 25, 2002, and that the deadline for the Defendant's expert disclosures has also passed. In the Defendant's view, the Plaintiff should be restricted to Bass's original opinions, and not those informed, and recast, by Bass's deposition questioning.

For her part, the Plaintiff contends that the Defendant has mischaracterized the Addendum as setting forth a new opinion, for it reaches the same opinion that Bass had earlier expressed, albeit on different grounds. In the Plaintiff's view, the Addendum is simply a proper supplement to Bass's initial report, as contemplated by Rule 26(e)(1), Federal Rules of Civil Procedure, which imposes, upon a party, a duty to supplement the party's expert disclosures, "if a party learns that in some material respect the information disclosed" by an expert in either that expert's report, or deposition, was "incomplete or incorrect." The Plaintiff emphasizes that the Rule requires any such supplementation to be made by at least thirty days prior to Trial. Here, no Trial date has been set -- a "Ready for Trial" date is set for March 31, 2003 -- and so the supplementation is wholly appropriate.

Further, the Plaintiff disputes the Defendant's claims of prejudice, and represents that, at the time she served the Addendum, there remained twenty-five days in the discovery period, such that, had the Defendant acted promptly, and not brought its Motion to Strike, it could have conducted any additional discovery, including a second deposition of Bass, within the remaining discovery period.

As we related at the Hearing, under the controlling law of this Circuit, "we are * * * compelled to analyze the requested exclusion with a critical consideration being the prevention of unfair surprise." Transclean Corp. v. Bridgewood Services, Inc., 101 F.Supp.2d 788, 795 (D. Minn. 2000), citing Sylla-Sawdon v. Uniroyal Goodrich Tire Co., 47 F.3d 277, 284 (8th Cir. 1995), cert. denied, 516 U.S. 822 (1995). In Transclean, we recognized, as the Defendant urges, that, under Rule 27(c)(1), exclusion is a proper sanction for a party's failure to disclose information, including expert reports, and that additional sanctions might be imposed under Rule 16(f). Id., citing Trost v. Trek Bicycle Corp., 162 F.3d 1004, 1008 (8th Cir. 1998). However, we also noted that, "[w]hile sanctions under Rule 37(c)(1) are mandatory * * * exclusion of evidence should not apply if the offending party's failure was 'substantially justified,' or if the failure was 'harmless.'" Id., citing Transclean Corp. v. Bridgewood Services, Inc., 77 F.Supp.2d 1045, 1064 (D. Minn. 1999).

Thus, in determining whether to exclude expert opinions under Rule 37(c)(1), our Court of Appeals employs a four factor test by which we assess "both the substantiality of any proffered justification for the failure to disclose, as well as the harmlessness of that failure." Id., at 795. Under this approach, we consider:

> 1) the importance of the excluded material; 2) the explanation of the party for its failure to comply with the required disclosure; 3) the potential prejudice that would arise from allowing the material to be used at Trial, or on a Motion; and 4) the availability of a continuance to cure such prejudice.

Id., at 795-96, citing Transclean Corp. v. Brigewood Service, Inc., supra at 1064; Citizens Bank v. Ford Motor Co., 16 F.3d 965, 966 (8th Cir. 1994); Millen v. Mayo Foundation, 170 F.R.D. 462, 465 (D. Minn. 1996).

Applying this analysis, we concluded that the challenged information was important to the litigation, but the explanation for the failure to previously disclose the required disclosure was unconvincing. While, undoubtedly, Bass concluded, or the Plaintiff did, that Bass's opinions were unpersuasive as a result of the deficiencies disclosed in Bass's deposition, the Plaintiff bears the obligation to present expert disclosures, at the time that they are required, which are accurate and complete. The Plaintiff failed in that duty.

Further, we concur in the Defendant's view that, left unremedied, the Defendant would be prejudiced by the allowance of the Addendum. Expert opinion evidence should not be a forever moving

target -- once trapped within its own device, it is merely altered to cure foundational deficiencies. Were the Plaintiff entirely correct in its view on supplementation, then the timely presentation of expert disclosures would have no meaning, as those disclosures could be altered at will until thirty days before Trial. While we agree that the obligation to supplement is present, we do not see that obligation as license to defeat the very purpose of the disclosure rules; namely, to prevent ambush, and surprise, at the time of Trial.

We need not, and therefore do not, now set the precise limits for the supplementation of expert opinions after the expression of the pertinent disclosure date, for we find that any prejudice to the Defendant can be effectively cured, by allowing a further deposition of Bass -- if one is needed -- and by permitting the Defendant to amend its expert disclosures, without delaying the Trial of this matter. Fundamentally, the purpose of a Trial is to search for the truth, and if expert opinion evidence is required in that process, and its disclosure, though untimely, can be allowed without prejudicing the opposing party, then allowance can be made for modestly late disclosure.[1]

---

[1]We are not sufficiently informed to set a precise date by which Bass's deposition should be retaken, and the Defendant's augmented expert opinions disclosed, but we believe that time is of (continued...)

Although we find that striking Bass's Addendum is not appropriate, we find that the Defendant should be compensated, by an award of its reasonable attorney's fees in redeposing Bass, and we direct the Plaintiff to make that payment as an appropriate sanction. Expert opinion evidence should not be the equivalent of an "artful dodger," and when the provision of that opinion evidence causes additional, needless expense, then the offending party should be held to answer. If the parties are unable to agree upon a proper award of fees, as a sanction for the Plaintiff's discovery violation, then they should promptly raise the issue for our resolution.

NOW, THEREFORE, It is --

ORDERED:

1. That the Defendant's Motion to Strike Plaintiff's Addendum to the Report of John Bass [Docket No. 10] is DENIED.

2. That the discovery deadline is lifted to the extent required to allow the Defendant to do additional expert discovery, including the redeposition of John Bass, if required, but such discovery shall be completed forthwith.

---

[1](...continued)
the essence, and those matters should be completed with dispatch. If a dispute arises on such issues of timing, then the parties are directed to promptly draw them to our attention for disposition.

3. That, the Defendant is afforded leave to serve an addendum to its own expert report, but only to the extent of addressing the newly expressed opinions contained in John Bass's Addendum, and such an augmentation of the Defendant's expert disclosures should be effected forthwith.

4. That the Plaintiff is directed to pay the Defendant's reasonable costs in redeposing John Bass, as a sanction for her discovery violation.

BY THE COURT:

Raymond L. Erickson
UNITED STATES MAGISTRATE JUDGE